**In the Matter of Robert B. TURNER.**

No. 49S00–9306–DI–710.

Supreme Court of Indiana.

March 31, 1994.

Duge Butler, Jr., Butler Brown & Blythe, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comm'n.

### DISCIPLINARY ACTION

PER CURIAM.

The Respondent, Robert B. Turner, has been charged with engaging in conduct intended to disrupt a tribunal and engaging in conduct prejudicial to the administration of justice, in violation, respectively, of Ind.Professional Conduct Rules 3.5(c) and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind.Admission and Discipline Rule 23, Section 11(d), the parties have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. A majority of this Court now accepts the tendered agreement.

As agreed by the parties, this Court now finds that Respondent was employed to represent Timothy Day in a small claims case pending in the Marion County Small Claims Court, Washington Township, entitled *Hampton Court Apartments v. Wendell and Timothy Day.* A default judgment had been entered on December 17, 1990, but Day had not received actual service of summons. Respondent filed a motion to vacate the default judgment on May 24, 1991. Hearing was scheduled on this motion on June 24, 1991, at 1:00 P.M.

On June 24, 1991, Respondent and Day arrived at the Court at approximately 12:45 P.M. and learned that a Judge *pro tempore* was serving on such date. Respondent checked in with the court staff. At approximately 1:15 P.M., attorney Carl Peters (Pe-

ters) arrived; Peters represented the plaintiff in the Day case and had numerous cases scheduled for that day. Upon arrival, Peters started calling individuals to a conference room to talk to them about settling their cases. This Court encouraged the parties to settle disputes before proceeding to trial.

After waiting a period of time, Respondent inquired of court staff when his case would be heard. Court staff referred Respondent to Peters. On four or five occasions, Respondent asked to speak with the judge, but was again referred to Peters. An elderly lady asked to use the rest room, but was told that if she left she could be defaulted. Respondent asked court staff to talk to the judge about such matter and again was referred to Peters.

At about 2:30 P.M. Peters exited from the conference room and indicated to the judge pro tempore that he (Peters) would be taking a fifteen minute break and then try the case he had been discussing in the conference room. Respondent interjected to the judge that he had been waiting for over an hour and objected to the control Peters appeared to exert over the court. Following an exchange with Peters, Respondent referred to court as a "Mickey Mouse Court," and left the court before any hearing on the motion to vacate. Respondent's motion to vacate was denied based upon the pleading previously submitted by the parties.

On July 1, 1991, Respondent filed a Motion for Appeal Pending Ruling on Defendant's Motion to Vacate Default Judgment in this case. A hearing on this latter motion was held on July 15, 1991. The same judge pro tempore conducted the hearing. While the judge was issuing her ruling, Respondent approached the bench and, in a loud tone of voice, objected to the judge's continued participation in the case. During the exchange with the judge that followed, Respondent called the judge's ruling ridiculous and objected to her further involvement in the case since she was a party to a grievance the Respondent had filed.

By way of mitigation, the parties advise this Court that Respondent has been an attorney since June 3, 1985, and has had no previous complaint. Respondent is a full-time police officer and is a Captain in the Indianapolis Police Department. Respondent's tone of voice may appear loud to other people. His conduct was based on the appearance of preferential treatment afforded Peters and the impression such events have in the eyes of the public.

Accepting the tendered agreement, we now conclude that Respondent engaged in professional misconduct as charged in this case.

The Respondent and the Disciplinary Commission have each agreed that the Respondent engaged in professional misconduct and that the appropriate sanction in this case is a public reprimand. We are inclined to accept such an agreement.

It may be appropriate to require parties to attempt resolution before the commencement of a contested hearing. But the judge always must remain in control of the court and guard against appearances of preferential treatment. It appears obvious that the judge pro tempore in this case failed in her administrative duties in this regard.

On the other hand, all attorneys owe a duty to preserve the integrity of the profession, even if confronted with circumstances that appear unfair. As noted in the Comment to Prof.Cond.R. 3.5 "(a)n advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics." Respondent acted emotionally and did not meet his duty to the profession.

It is therefore ordered that by reason of the professional misconduct found in this case, the Respondent, Robert B. Turner, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., dissents, with SULLIVAN, J., concurring.

SULLIVAN, J., dissents, with SHEPARD, C.J., concurring.

**SHEPARD, Chief Justice, dissenting.**

The judge and the judge pro-tem and attorney Carl Peters created the environment which led to Robert Turner's outburst. The resulting complaints about the pro-tem and the judge were dismissed on the theory that these shortcomings could be addressed through training and rulemaking, rather than by using the disciplinary process applicable to judges.

In light of the fact that the most culpable parties have not been disciplined, it is not justifiable to punish Robert Turner alone.

**SULLIVAN, J., concurs.**

**SULLIVAN, Justice, dissenting.**

The majority opinion publicly reprimands a lawyer for losing his temper in a situation where, in the majority's own words, a judge *pro tempore* "failed" to "remain in control of the court and guard against appearances of preferential treatment." In fact, things were so out of control that, again according to the majority opinion, an elderly woman risked default if she went to the rest room without opposing counsel's permission.

A grievance in this matter filed against the judge *pro tempore* was dismissed. The complaint against Respondent should be as well.

**SHEPARD, C.J., concurs.**